IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**JAMES DINKINS,**

    **Plaintiff,**

v.                                               Civil Action No. 2:18cv3
                                                  (Judge Bailey)

**JOHN PYLES,** Provider FNP-BC
Contractor USP Hazelton**; GREGORY
MIMS,** MD and CD/Contractor USP
Hazelton**; ANN McARDLE,** Assistant
Health Administrator/Contractor USP
Hazelton**; JOE COAKLEY,** Warden**;
FEDERAL BUREAU OF PRISONS,**
2:18cv3

    **Defendants.**

## ORDER DENYING PLAINTIFF'S MOTION TO STAY CORRECT

On January 12, 2018, the Plaintiff filed a civil rights complaint against the above-named Defendants alleging that as a result of inadequate medical care, he had to have a toe amputated. In his complaint, the Plaintiff alleges that he exhausted his administrative grievances. However, on March 30, 2018, the Plaintiff filed a Motion to Stay/Correct in which the Plaintiff appears to acknowledge that his administrative grievances have not been properly exhausted. Therefore, he is requesting that the court allow him to restart the remedy process.

Under the Prison Litigation Reform Act (PLRA), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies. 42 U.S.C. § 1997(e)(a). Exhaustion as

provided in § 1997(e)(a) is mandatory.  Booth v. Churner, 532 U.S. 731, 741 (2001).  A Bivens action, like an action under 42 U.S.C. § 1983, is subject to the exhaustion of administrative remedies.  Porter v. Nussle, 534 U.S. 516, 524 (2002).  The exhaustion of administrative remedies "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes,"[1] and is required even when the relief sought is not available.  Booth at 741.  Because exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted *prior to* filing a complaint in federal court.  See Porter, at 524 (citing Booth, 532 U.S. at 741) (emphasis added).

Accordingly, the Plaintiff's Motion [ECF No. 18] is **DENIED**. The Plaintiff is advised that he may voluntarily withdraw his case and refile when he believes it appropriate, or he may continue this case and risk dismissal, without prejudice, for failure to exhaust.

IT IS SO ORDERED.

The Clerk shall mail a copy of this Order to the *pro se* Plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet
DATED: April 24, 2018.

*/ James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE

---

[1] *Id.*