# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# ELKINS

**JAMES DINKINS,**

    Plaintiff,

v.                                                      Civil Action No. 2:18-cv-3
                                                          (BAILEY)

**JOHN PYLES; GREGORY MIMS, M.D.;
ANNE MCARDLE; JOE COAKLEY;
FEDERAL BUREAU OF PRISONS;
UNKNOWN HUNT; UNITED STATES
OF AMERICA,**

    Defendants.

## ORDER GRANTING DEFENDANT ANN HUNT'S MOTION TO DISMISS

Currently pending before this Court is Defendant Ann Hunt's Motion to Dismiss [Doc. 60], which was filed on August 22, 2018. Because the plaintiff is proceeding *pro se*, a ***Roseboro*** Notice was issued [Doc. 65] informing the plaintiff of his obligations. Following two motions for extension of the Response deadline, plaintiff's response was due December 24, 2018. To date, the plaintiff has failed to respond, and the deadline to do so has expired. For the reasons that follow, Defendant's Motion to Dismiss **[Doc. 60]** is **GRANTED**.

## I. Background

This action was originally filed in this Court on January 12, 2018, as a ***Bivens*** action [Doc. 1]. Subsequently, the plaintiff was granted leave to file an amended complaint [Doc. 34], which he filed on June 11, 2018. Therein, plaintiff names the United States as a

1

defendant and indicates that he filed an administrative tort claim (SF-95). (Id.). Therefore, this Court advised the plaintiff of the drawbacks of pursuing claims under both the FTCA and *Bivens* [Doc. 35]. Plaintiff then filed his Notification that he was only proceeding with the *Bivens* action against the named defendants [Doc. 38].

## II.     Rule 12(b)(6) Standard

A complaint must be dismissed if it does not allege "'enough facts to state a claim to relief that is *plausible* on its face.' ***Bell Atl. Corp. v. Twombly***, 127 S.Ct. 1955, 1974 (2007) (emphasis added)." ***Giarratano v. Johnson***, 521 F.3d 298, 302 (4th Cir. 2008). When reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must assume all of the allegations to be true, must resolve all doubts and inferences in favor of the plaintiffs, and must view the allegations in a light most favorable to the plaintiffs. ***Edwards v. City of Goldsboro,*** 178 F.3d 231, 243-44 (4th Cir. 1999).

When rendering its decision, the Court should consider only the allegations contained in the Complaint, the exhibits to the Complaint, matters of public record, and other similar materials that are subject to judicial notice. ***Anheuser-Busch, Inc. v. Schmoke,*** 63 F.3d 1305, 1312 (4th Cir. 1995). In *Twombly*, the Supreme Court, noting that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," *id.* at 1964-65, upheld the dismissal of a complaint where the plaintiffs did not "nudge[ ] their claims across the line from conceivable to plausible." *Id.* at 1974.

2

## III. Discussion

In *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the Supreme Court authorized suits against federal employees in their individual capacities. Such claims, however, require two essential elements be proven: (1) a violation of the plaintiff's constitutional rights (2) by agents acting under color of federal law. *Goldstein v. Moatz*, 364 F.3d 205, 210 n.8 (4th Cir. 2004). Because *Bivens* only applies to agents acting under color of federal law, the Fourth Circuit has expressly declined to extend a *Bivens* action to employees of a wholly private corporation in which the federal Government has no stake other than a contractual relationship. *Holly v. Scott*, 434 F.3d 287, 291 (4th Cir. 2006).

It is not disputed that defendant Hunt is a contract employee rather than a Government employee [Doc. 34 at p. 16]. Plaintiff also does not allege that Hunt was somehow acting as an agent under color of federal law. Finally, there are no allegations that the federal Government has any stake in defendant Hunt's employer. Accordingly, there can be no liability under *Bivens* for defendant Hunt. *Holly*, 434 at 294 (declining to extend *Bivens* liability to individual employees of a private corporation that operated a correctional facility); *see also O'Neil v. Anderson*, 372 Fed.Appx. 400, 404 (4th Cir. 2010)(affirming dismissal of *Bivens* action against a private physician who was contracted to provide healthcare services to a federal correctional institution).

## IV. Conclusion

For the reasons stated above, Defendant Ann Hunt's Motion to Dismiss **[Doc. 60]** is **GRANTED**. Accordingly, defendant Ann Hunt is **DISMISSED** as a party to this action.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein and to mail a certified copy, return receipt, to the *pro se* plaintiff.

**DATED**: January 7, 2019.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE